# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case No. 1:13CR00035-17 |
| v. | ) ) ) | **OPINION** |
| **RAMONE BATISTE RONDEAU,** | ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) |  |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ramone Batiste Rondeau, Pro Se Defendant.*

The defendant, Ramone Batiste Rondeau, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims that he is impermissibly serving a double sentence for the same crime. The government filed a Motion to Dismiss, and the time for Rondeau to respond has expired, making the matter ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

Rondeau and 17 codefendants were named in a multi-count Indictment. Rondeau was charged with conspiring to distribute and possessing with the intent to distribute 280 grams or more of cocaine base, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(C) (Count One).

Rondeau pleaded guilty, pursuant to a written Plea Agreement, to Count One. (Plea Agreement 1, ECF No. 333.) The Plea Agreement provided that the conspiracy involved at least 22.4 grams of cocaine base, resulting in a base offense level of 24 under the Sentencing Guidelines, although it also noted that other guideline sections might apply to his case. (*Id*. at 3.) Rondeau agreed to waive his right to collaterally attack his conviction and sentence except for claims of ineffective assistance of counsel. (*Id*. at 8.) Under the terms of the Plea Agreement, the government agreed to request a sentence within the guideline range. (*Id*.)

At the guilty plea hearing, Rondeau stated that he had been afforded an adequate opportunity to read and discuss the Plea Agreement with counsel before signing it. (Plea Hr'g Tr. 9, ECF No. 699.) Rondeau further affirmed that he was "fully satisfied with [his] attorney's representation." (*Id*.)

Rondeau affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except as to matters that cannot be waived under the law or that allege ineffective assistance of counsel. (*Id.* at 14-15.) I found Rondeau to be fully competent and capable of entering an informed plea and determined that his guilty plea was knowing and voluntary. (*Id.* at 23.)

The Presentence Investigation Report ("PSR") recommended a total offense level of 29 and a criminal history category of VI because Rondeau qualified as a career offender under United States Sentencing Guideline Manual § 4B1.1(b) based on two prior drug convictions. As a result, he had a guideline imprisonment range of 151 to 188 months. (PSR ¶ 46, ECF No. 456.) The PSR listed his criminal history, which included a Virginia state court conviction for possession of cocaine with intent to distribute, possession of a firearm while in possession of drugs and being a felon in possession of a firearm. (*Id*. at ¶ 27.) That state court conviction relied on the same conduct for which he pleaded guilty in federal court, and he received a three-year state sentence. (*Id*.) Rondeau's counsel did not object to the PSR.

At his sentencing hearing, counsel called Rondeau to testify and elicited testimony that Rondeau had been serving a three-year sentence on state charges when he was federally indicted for conduct related to the same drug conspiracy. (Sentencing Hr'g Tr. 4, ECF No. 697.) Rondeau told the court that "[t]he offense that I'm being charged with today, I feel like I already justified by the time I got in the state penitentiary." (*Id*. at 8.) Defense counsel argued at sentencing that although the state and federal convictions were different, "the equities dictate[d] . . . that the court should consider the 36 month[]" state sentence when imposing a sentence on the federal charge. (*Id*. at 17.) I agreed with counsel and considered

- 3 -

Case 1:13-cr-00035-JPJ   Document 740   Filed 08/19/16   Page 3 of 7   Pageid#: 3532

"the fact that he . . . has served time already for involvement in the offense for which he's being punished today," along with other mitigating factors. (*Id.* at 24.) I sentenced Rondeau substantially below the guideline range to 36 months' imprisonment. (J. 2, ECF No. 452.) He did not appeal.

In his § 2255 motion, Rondeau alleges (1) that counsel provided ineffective assistance by failing to object to the fact that he had served three years in prison on charges related to the federal conspiracy to which he pleaded guilty; (2) that his sentence is unconstitutional due to double jeopardy; and (3) that the PSR failed to disclose that he had served three years for the state sentence. (Mot. to Vacate 4-5, ECF No. 662.)

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rondeau bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

## A. Ineffective Assistance of Counsel.

Rondeau argues that his attorney was ineffective for failing to raise a double jeopardy defense. This argument fails for many reasons.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V. This protection ensures that a defendant is not tried more than once for the same crime in the same court system. *Heath v. Alabama*, 474 U.S. 82, 89 (1985). However, two separate sovereigns — the United States and the Commonwealth of Virginia — may prosecute an individual for the same offense conduct because each draws its authority from a separate source of power, resulting in the creation of different laws. *Id.*; *see also Rinaldi v. United States,* 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act."). Accordingly, "federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." *United Sates v. Alvarado*, 440 F.3d 191, 196 (4th Cir. 2006).

Therefore, the fact that Rondeau was charged in state and federal court for crimes arising from the same criminal conduct does not violate the Double Jeopardy Clause and counsel did not err in failing to so argue.

Furthermore, at the sentencing hearing, Rondeau's counsel requested that I consider Rondeau's state sentence in imposing his federal sentence even though counsel understood that no double jeopardy violation had occurred. As a result, I considered Rondeau's three-year state sentence when I imposed a 36-month term of imprisonment for his federal conviction, well below the advisory guideline range.

*B. Double Jeopardy Violation.*

Next, Rondeau argues that I imposed an illegal sentence based on double jeopardy. In his Plea Agreement, Rondeau waived his right to collaterally attack his sentence other than for claims of ineffective assistance of counsel. Such a waiver is valid. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.")

Moreover, as explained above, this case does not present a double jeopardy violation. *Heath*, 474 U.S. at 89. Therefore, this claim lacks merit.

*C. Failure to Disclose State Conviction in PSR.*

Finally, Rondeau argues that the sentence I imposed was illegal because the PSR failed to disclose that he "served a 3 year conviction in the State of Virginia." (Mot. to Vacate 5, ECF No. 662.) In addition to being waived, this claim is false. The PSR listed the Virginia conviction, and noted that the sentence imposed was

"3 years custody." (PSR ¶ 27, ECF No. 456.) Accordingly, this argument, too, fails.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: August 19, 2016

/s/ James P. Jones
United States District Judge